**In the Matter of Joseph S. and Joyce C. PAWLING, Debtors.**

**Jon W. and Patricia BROWN and John E. Shepard, Appellants,**

**v.**

**William H. HYER, Referee, Appellee.**

**No. 23118.**

United States Court of Appeals Ninth Circuit.

Aug. 7, 1969.

Powell & Scott, Robert B. Robbins, Fresno, Cal., Earl J. Dunn, of Good, Potter & Wildman, Sherman Oaks, Cal., for appellants.

William H. Hyer, San Bernardino, Cal., for appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

HAMLEY, Circuit Judge:

These proceedings in bankruptcy relate to a petition filed on July 19, 1966, by the debtors, Joseph S. and Joyce C. Pawling, pursuant to section 422 of the Bankruptcy Act (Act), 11 U.S.C. § 822 (1964), for a real property arrangement under Chapter XII of the Act. The real property in question, consisting of fifty-five acres of land and various improvements, is known as Pawling's Lakeside Inn.

Commencement of the proceeding was motivated both by the threatened foreclosure of the property by the Small Business Administration which held a deed of trust and a chattel mortgage to secure an indebtedness of $132,236.54, and by the prospect that, if given a reasonable opportunity, the Pawlings could sell the property for $700,000. The appellants in this court are three creditors of the Pawlings, John W. and Patricia Brown and John E. Shepard, referred to herein as the creditors.

For present purposes it is unnecessary to recount the proceedings which took place between the date of filing of the petition and July 13, 1967. On the latter date, and without prior notice to any creditor or other party, the referee in bankruptcy entered an order dismissing the proceedings.[1] Notice of the entry of that order was promptly mailed to the Browns. While Shepard asserted that he was not given such notice, the referee and district court later found to the contrary.

No review was taken from that order, nor did the creditors ask the referee to reconsider such action. Thereafter, on October 27, 1967, the estate was closed and the file was returned by the referee to the clerk of the district court.

Sometime thereafter, the exact date not appearing in the record before us, the creditors applied to the referee for a show cause order directed to the debtors, the Small Business Administration, the District Director of Internal Revenue, and all persons claiming title to the property in question. The proposed order would require the named respondents to show cause why the order of July 13, 1967, dismissing the proceedings, should not be vacated. It would also require them to show why all acts performed by the Small Business Administration to enforce its lien on the described property should not be annulled, and why all persons claiming title to the property should not be ordered to execute all documents necessary to restore the title of record of the debtors or trustee.

The referee declined to sign the order, stating that he had no jurisdiction to do so because the case had been dismissed and reference to him was at end.

Thereafter, on November 3, 1967, the creditors applied to the district court for a similar order. On that day the district court entered an order determining that, under Rule 208(a) of the Bankruptcy Rules of the United States District Court for the Central District of California, the referee had jurisdiction to act upon the application and to issue the proposed show cause order if he determined that the estate should be reopened. The court accordingly directed that the application be transmitted to the referee "for such hearing and action as he determines proper in the circumstances."

Upon the return of the matter to the referee, the latter did not issue a show cause order as applied for and refused to cite in the adverse parties for a hearing. Instead, he treated the application for a show cause order as an ex parte motion to vacate the order dismissing the proceedings. Counsel for the creditors and amicus curiae counsel for the persons who had unsuccessfully attempted to purchase the property were the only persons who appeared before the referee on this matter, heard on November 22, 1967.

---

1. Under sections 58(a) and 481(2) of the Act, 11 U.S.C. §§ 94(a) and 881(2) (1964), the creditors were entitled to ten days' notice of the proposed dismissal of the proceedings.

After oral argument, and on that same day, the referee entered an order denying what he denominated the "Petition to reopen." According to the order, the referee denied relief on the ground that, following his notice to the creditors of the dismissal, they took no action under section 39(c) of the Act, 11 U.S.C. § 67(c) (1964), to review the order of dismissal within the time allowed by law.[2]

The creditors filed a timely petition for review of the referee's order of November 22, 1967. In the referee's certificate on petition to review, the referee gave two reasons for denying the motion to set aside the dismissal. The first was the reason recited in his order, as described above. The second was that the delay between the time the creditors received notice of entry of the dismissal order of July 13, 1967, and the filing of their application for a show cause order, constituted laches. While this latter ground was not stated in the referee's order of November 22, 1967, the matter of laches was discussed at the oral argument before the referee and he there expressed the view that the creditors were guilty of laches.

■ The district court, after hearing, entered an order on April 26, 1968, affirming the referee's order of November 22, 1967. The court accepted both of the reasons given by the referee in his certificate on petition for review for his denial of the motion to set aside the dismissal of the proceedings. The district court also added another reason for reaching the same result, namely, that reopening of the proceedings would be a useless act. With respect to this point, the court stated that any action which earlier might have been taken in the Chapter XII proceedings, is now unavailable and all questions are moot.[3] This appeal followed.

Counsel for the debtors as well as counsel for the creditors appeared at the review proceeding in the district court. Since the referee had refused to give notice of the last hearing before him to the debtors or to any other adverse parties, appellants did not serve their notice of appeal upon any party, stating in their notice of appeal "there are no appellees in this proceeding." Consequently, no one has appeared in this court to oppose appellants, no appellee's brief has been filed, and there has been no oral argument.

■ Appellants raise substantial questions which we cannot decide, with assurance, in a non-adversary appeal. In all likelihood, the appeal would have been adversary if the referee had given notice to the adverse parties of the November 22, 1967 hearing. We think the only practical solution is to vacate, without prejudice, the district court order affirming the referee's order of November 22, 1967, and to remand the cause to the district court with the request that it be referred to the referee for a hearing after reasonable notice to the adverse parties.

2. Section 39(c) of the Act provides, with exceptions not here relevant, that a person aggrieved by an order of a referee may, within ten days after entry thereof, file with the referee a petition for review of such order by a judge.

3. In further explanation, the court stated: "The property which was the underlying basis for the entire Chapter XII proceeding has now been sold and has passed into the hands of others. The only possible rationalization of a reopening would be to give these petitioners another and improper opportunity to attack the Order of May 16, 1966 permitting the foreclosure. That Order has long since become final, action has been taken in reliance thereon and the use of the instant proceeding as an indirect method of attacking the said Order should not be condoned by the Court. At oral argument, counsel for Petitioner advanced one other basis for reopening, i.e. the opportunity to have Petitioners adjudicated bankrupt and the opportunity to perhaps obtain for their creditors certain other assets which they may have had. This does not justify a reversal of the Referee's instant Order. The opportunity to have the debtors adjudicated is still open to Petitioner or any other creditors by way of a new and independent proceeding."

The referee is not obliged to sign the tendered show cause order and may properly regard the application therefor as a petition to reopen a closed estate pursuant to Local Bankruptcy Rule 208 referred to above. If this procedure is followed, action upon the other items of relief sought by appellants could be held in abeyance until it is determined that the estate should be reopened. Appellants and any adverse party appearing at the hearing before the referee should be permitted to adduce relevant and material evidence bearing upon the pertinent issues.

It is so ordered.